Dear Mr. Frost:
This office is in receipt of your opinion request in which you present the following issue:
 May a hospital service district own an interest in a limited liability company?
As you describe, Hospital Service District No. 2 of Lafourche Parish (District) desires to enter into a cooperative endeavor with a private, non-profit foundation for the purpose of providing certain medical services within the District. You state that the proposed structure of this agreement is a limited liability company.
Article VII, § 14 (c) of the Louisiana Constitution of 1974 provides:
 For public purpose, the state and its political subdivisions or political corporations may engage in cooperative endeavors with each other, with the United States or its agencies, or with any public or private association, corporation, or individual.
Additionally, LSA-R.S. 46:1077 empowers the District to enter into joint ventures:
 In addition to the powers and duties otherwise provided and notwithstanding any other law to the contrary, the board of commissioners of a hospital service district and any corporation or health facility owned or operated by such district or commission may contract with or engage in a joint venture with any person, corporation, partnership, or group of persons to offer, provide, promote, establish, or sell any hospital health service. A hospital service district commission contracting with or engaging in a joint venture with any person, corporation, partnership, or group of persons to offer, provide, promote, establish, or selling hospital health service shall be presumed to be engaged in a cooperative endeavor as provided by Article VII, Section 14 (C) of the Constitution of Louisiana. The commission shall further presumed to have entered into such contract for the purpose of obtaining a tangible benefit and for a public purpose, and such contract shall not be presumed to be a donation in contravention of Article VII, Section 14 (A) of the Constitution of Louisiana.
Therefore, the District has explicit authority to enter into cooperative endeavors to provide, promote, establish, or sell any hospital health service without contravening the mandates of La. Const. Art. VII, § 14 (1974).
In order to determine if a limited liability company is a valid catalyst for this cooperative endeavor, we first direct you to LSA-R.S. 46:1060 which mandates that hospital service districts thus created and named by any police jury of any parish in the state shall constitute a body corporate in law with all the powers of a corporation.
LSA-R.S. 12:41 provides for general powers of a corporation and, in applicable part, states that corporations may acquire and deal in other corporations, associations, partnerships, joint ventures, individuals or governmental entities. A corporation may acquire interests in an association and a limited liability company is an association.
La. Const. Article VII, § 14 (A) mandates that "[n]either the state nor a political subdivision shall subscribe to or purchase the stock of a corporation or association or for any private enterprise." However, it is our understanding that membership interests in limited liability companies are not accomplished through the purchase of stock. Therefore, we conclude that the formation of a limited liability company to execute obligations pursuant to a cooperative endeavor is a valid exercise of the District's powers.
I trust this addresses your concerns. Please contact this office should you require further assistance.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________________ CARLOS M. FINALET, III Assistant Attorney General
RPI:CMF:glb